THE STATE, EX REL. MILLINGTON, *v.* WEIR, DIRECTOR.

[Cite as State, ex rel. Millington, v. Weir (1978)
60 Ohio App. 2d 348.]

(No. 78AP-359—Decided September 26, 1978.)

*Mr. Steven L. Ball,* for relators.

*Mr. William J. Brown,* attorney general, *Mr. Donald Guittar,* and *Mr. Perry Silverman,* for respondent.

McCORMAC, J. Defendant moved to strike relators' affidavit as not being in compliance with R. C. 2731.04 and further to dismiss relators' amended petition for lack of jurisdiction over the subject matter of the action, lack of jurisdiction over the person of the defendant, and for failure to state a claim upon which relief can be granted.

Defendant's motions are overruled.

The basic issue is whether the civil rules apply to a mandamus action commenced in this court pursuant to its jurisdiction granted in Section 3 (B) (1), Article IV, Ohio Constitution.

While R. C. 2731.02 provides that subject matter jurisdiction over mandamus actions is vested in the Supreme Court of Ohio and the Courts of Appeals, as well as Courts of Common Pleas, the jurisdiction of the Supreme Court and the Courts of Appeals is constitutional and the language in R. C. 2731.02 is surplusage as to those courts. Thus, a mandamus action is a special statutory proceeding in the Common Pleas Court only.

Nonetheless, procedure for all mandamus actions is set forth in R. C. Chapter 2731. The issue is whether the civil rules apply rather than the procedure set forth by R. C. Chapter 2731, at least as to a constitutional proceeding in a Court of Appeals.

Civ. R. 1 provides that the civil rules are to be followed in

all courts of this state in the exercise of civil jurisdiction. The only possible exception as related to a mandamus action is the limited exception for special statutory actions as provided by Civ. R. 1 (C) (7). That exception does not apply, however, since mandamus jurisdiction in this court is not statutory, but constitutional. Hence, the procedure in R. C. 2731.04 where inconsistent with the civil rules is no longer applicable. The only inconsistency is that part of R. C. 2731.04 which provides that the application for the writ of mandamus must be verified by affidavit. Civ. R. 11 eliminates the requirement of an affidavit except when otherwise specifically provided by the civil rules. Civ. R. 11 applies fully to mandamus actions in this court. Hence, the petition (or complaint) need not be verified or accompanied by an affidavit as the requirements of R. C. 2731.04 are superseded by the civil rules.

Even where mandamus is a special statutory proceeding, as in Common Pleas Court, the same result would follow. Civ. R. 1 (C) (7) states that the civil rules apply in special statutory proceedings except where by their nature they are clearly inapplicable. The civil rules should be held to be clearly inapplicable only when their use will alter the basic statutory purpose for which the specific procedure was originally provided in the special statutory action. The provision for verification is not an inherent part of mandamus so that an elimination of that requirement will alter the basic nature of a mandamus action as contemplated by the General Assembly. Moreover, at the time R. C. 2731.04 was adopted, establishing procedure for all mandamus actions, there was a general requirement for verification of petitions in civil actions. The requirement of verification in a mandamus action was not intended to be special for mandamus actions, but merely intended to make mandamus procedure consistent with civil procedure otherwise.

Defendant contends that since a peremptory writ of mandamus has been requested, and may, pursuant to R. C. 2731.06, be issued without notice to the defendant, an affidavit should be required, as is required for a temporary restraining order, pursuant to Civ. R. 65 (A). That contention is also not well taken. The absence of an affidavit or other supporting evidence to show that the right to require the performance of the act is clear and that it is apparent that no

valid excuse can be given for not doing it may well constitute a good reason not to issue a peremptory writ of mandamus, and to proceed with determining whether an alternative writ must first be issued. However, it does not preclude proceeding with a mandamus complaint not supported by an affidavit. An injunction action may be filed based upon only the verifications of an attorney as provided by Civ. R. 11. It is only the temporary restraining order that must be supported by an affidavit. That affidavit need not be part of the injunction complaint.

Defendant's motion to strike the affidavit as legally insufficient is rendered moot by the above ruling since no affidavit is required.

Defendant's contentions that the amended petition does not invoke the jurisdiction of the court over the subject of the action or person of the defendant are also overruled for the same reason.

Defendant also contends that conclusions of the pleader must be disregarded and that only well pleaded facts can be considered in determining the legal sufficiency of the complaint. That contention is not well taken. Civ. R. 8 (A) contains the requirements of a complaint which also applies to a complaint in mandamus. Civ. R. 8 (A), as pertinent, states that a complaint must contain" * * * (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled. * * *"

R. C. 2731.09 provides, as pertinent, as follows:

"The pleadings have the same effect, must be construed, may be amended, and issues of fact made by them must be tried, and further proceedings thereon had, in the same manner as in civil actions."

Even if mandamus is a special statutory action, Civ. R. 1 (C) provides that where a statute in a special statutory proceeding provides for procedure by reference to statutes governing procedures in civil actions, such procedures shall be in accordance with the civil rules. Hence, the test is whether the amended petition of relators is legally sufficient according to the civil rules. A complaint is legally sufficient and is not subject to dismissal for failure to state a claim unless it appears beyond doubt from the complaint that plain-

tiff can prove no set of facts entitling him to relief. *O'Brien* v. *University Community Tenants Union* (1975), 42 Ohio St. 2d 242. The complaint herein alleges that the relators are the owners in fee simple of certain described property and that employees of the Ohio Department of Transportation entered upon their property and cut down trees, constructed a ten-foot shoulder, and removed a fence to the damage of the real property. Those allegations are sufficient to state a claim upon which mandamus relief may be applicable.

Defendant's motions are overruled.

*Motions overruled.*

WHITESIDE and REILLY, JJ., concur.