OPINION
{¶ 1} Defendant-appellant, Ronald L. Slatton, appeals the decision of the Butler County Common Pleas Court denying his petition to remove his sexual predator classification. We affirm the trial court's decision.
 {¶ 2} In June 1977, appellant was convicted and sentenced for rape. Appellant's conviction was affirmed on appeal. See State v.Slatton (May 17, 1978), Butler App. No. CA77-07-088. Appellant subsequently filed a petition for postconviction relief, arguing that he received ineffective assistance of counsel. The trial court denied appellant's petition and the decision was affirmed on appeal. See Statev. Slatton (Jan. 16, 1980), Butler App. No. CA79-01-002.
 {¶ 3} In 1990, appellant filed a second petition for post-conviction relief, claiming that his sentence amounted to cruel and unusual punishment. The trial court denied this petition and appellant did not appeal. In 1996, appellant filed a third petition for postconviction relief, claiming that he was entitled to re-sentencing in accordance with recently enacted legislation. The trial court denied appellant's third petition and this court affirmed the decision on appeal. See State v. Slatton (Dec. 30, 1996), Butler App. No. CA96-09-184.
 {¶ 4} In March 2000, the trial court conducted a hearing to determine whether appellant was a sexual predator. Based on the evidence presented at the hearing, the trial court determined that appellant was a sexual predator. This court affirmed the trial court's decision on appeal. See State v. Slatton, Butler App. No. CA2000-03-051, 2001-Ohio-4218.
 {¶ 5} In July 2001, appellant filed a petition for removal of his sexual predator classification pursuant to R.C. 2950.09(D)(1). In December 2001, appellant filed a "motion for summary judgment." The trial court ruled that summary judgment was not available in the proceeding, and, upon a review of the evidence, denied appellant's petition.
 {¶ 6} Appellant now appeals the trial court's decision denying his petition for removal of his sexual predator classification. Appellant assigns one error as follows:
 {¶ 7} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT DENIED HIS PETITION FOR REMOVAL OF THE SEXUAL PREDATOR LABEL."
 {¶ 8} Within this assignment of error, appellant raises two sub-arguments. First, appellant argues that the trial court erred when it found the civil rules inapplicable to the proceeding. According to appellant, the trial court should have found Civ.R. 56 applicable and granted his summary judgment motion under that rule. Second, appellant argues that the trial court should have explicitly stated its basis for failing to remove appellant's sexual predator classification.
 {¶ 9} We have held that sexual predator classification proceedings conducted pursuant to R.C. 2950.09 are civil in nature. State v. Wilson
(Nov. 13, 2000), Fayette App. No. CA99-09-024. However, the fact that a proceeding is civil in nature does not necessarily lead to the conclusion that a particular civil rule is applicable. Civ.R. 1 states in relevant part:
 {¶ 10} "(A) These rules prescribe the procedure to be followed in all courts of this state in the exercise of civil jurisdiction at law or in equity, with the exceptions stated in subdivision (C) of this rule.
 {¶ 11} "* * *
 {¶ 12} "(C) These rules, to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure * * * (7) in * * * special statutory proceedings[.]"
 {¶ 13} The civil rules should be held inapplicable when their use will alter the basic statutory purpose for which the specific procedure was originally provided in the special statutory action. Tower CityProperties v. Cuyahoga Cty. Bd. of Revision (1990), 49 Ohio St.3d 67,69, citing State ex rel. Millington v. Weir (1978), 60 Ohio App.2d 348,349. Accordingly, we must determine whether the procedure prescribed in R.C. 2950.09(D)(1) amounts to a "special statutory proceeding," and whether applying Civ.R. 56 would alter the basic statutory purpose underlying the procedure.
 {¶ 14} R.C. 2950.09(D) explicitly sets forth the procedure regarding a sexual predator's attempt to seek removal of sexual predator status. The statute first requires the sexual predator to timely file a petition with the trial court. R.C. 2950.09(D)(1). The statute then requires the trial court to review the prior sexual predator determination and consider "all relevant evidence and information, including, but not limited to, the factors set forth in division (B)(3) of this section." Id. The trial court must then enter a determination that the offender is no longer a sexual predator or enter an order denying the petition. Id.
 {¶ 15} We find that the proceeding below was a "special statutory proceeding." In R.C. 2950.09, the legislature has provided explicit statutory procedures for determining whether the removal of a sexual predator classification is warranted. See, also, State v. Marshall (Nov. 16, 2001), Montgomery App. No. 18587 (finding that sexual predator classification proceeding under R.C. 2950.09[C] is a special statutory proceeding in which Civ.R. 3's requirement that a proceeding be initiated by a complaint is inapplicable).
 {¶ 16} We additionally find that Civ.R. 56 is inapplicable to the special statutory proceeding outlined in R.C. 2950.09(D). The statute does not contemplate a motion for summary judgment, in which a movant such as appellant argues that the non-movant has failed to prove a claim as a matter of law. The state, the non-movant in the context of appellant's summary judgment motion, has no obligation under the statute to respond to appellant's petition, and does not bear any burden of proof in the proceeding. The statute contemplates an independent review by the trial court of the prior sexual predator determination, the factors set forth in 2950.09(B)(3), and all relevant evidence. Accordingly, application of Civ.R. 56 in this case would be inconsistent with and would alter the basic statutory purpose of R.C. 2950.09. Therefore, the trial court did not err by finding Civ.R. 56 inapplicable to the proceeding below.
 {¶ 17} In appellant's second sub-argument, he argues that the trial court abused its discretion by failing to state on the record the basis for its decision. We note that appellant does not claim that the trial court's determination was contrary to the weight of the evidence, but rather that it was procedurally defective because it did not set forth supporting reasons.
 {¶ 18} R.C. 2950.09(D)(1) states that "[t]he judge shall not enter a determination under this division that the offender is no longer a sexual predator unless the judge determines by clear and convincing evidence that the offender is unlikely to commit a sexually oriented offense in the future." As stated above, the statute requires the judge to consider the prior sexual predator determination and all relevant evidence, including but not limited to the factors set forth in R.C.2950.09(B)(3).
 {¶ 19} We find no requirement in R.C. 2950.09(D)(1) that the trial court make explicit findings on the record supporting its denial of a petition to remove a sexual predator classification. See, also, State v.Cook, 83 Ohio St.3d 404, 426, 1998-Ohio-291 (trial court not required to list relied-upon factors when making initial sexual predator determination). In its judgment entry, the trial court cited the statute and noted that, after reviewing all the evidence, it was "not convinced that [appellant] is unlikely to commit a sexually oriented offense in the future." Because the statute does not require the judge to make specific findings on the record and because a judge is presumed to follow applicable law in all respects, we find that the trial court did not err in failing to set forth specific supporting reasons in the record.
 {¶ 20} For the foregoing reasons, we affirm the judgment of the trial court.
WALSH, P.J., and VALEN, J., concur.