OPINION
{¶ 1} Randal Knight appeals from a decision of the Kettering Municipal Court, which overruled his motion to dismiss or for summary judgment. After a trial, the court subsequently found in favor of Rene and Christine Lazaro on their claim against him for $500.
 {¶ 2} According to the record,[1] the Lazaros retained Knight, an attorney, to represent them in a dispute with Rafael Auto Sales ("Rafael") in connection with their purchase and financing of a used motor vehicle. The Lazaros and Knight entered into a fee agreement, the terms of which — as will become evident — are in dispute. Paragraph 3(A), as pre-printed in the agreement, stated that the clients agreed to pay "[a] flat fee of__ $500.00 __ $750.00 __ $1,500.00 __ $2,500.00 due prior to
the initiation of the Client's case plus $150.00 for the court filing fee. The flat fee is earned-upon-receipt and refundable only as set forth in this Agreement." (Emphasis in original.) In a handwritten modification, the pre-printed flat fee amounts were crossed-out, and the "plus $150.00" was circled. "Only" was written in the margin beside paragraph 3(A). Paragraph 3(B) provided that the clients would pay "a sum of money equal to THIRTY-THREE AND ONE THIRD PERCENT (33 1/3%) of funds received, recovered or obtained by the Client as damages (other than punitive damages) before or after litigation has been initiated by any compromise, or voluntary settlement or judgment in connection with the Client's claims." Other sub-paragraphs addressed punitive damages, expenses, and the assignment of attorney fees received by the client as part of a settlement which are in excess of the flat fee agreement.
 {¶ 3} After negotiations between Knight and counsel for Rafael, the Lazaros and Rafael ultimately agreed to settle the matter. The settlement agreement provided that the Lazaros would return the vehicle in exchange for the return of $5,000; and that Rafael would pay statutory damages of $1,500, reasonable attorney fees of $1,500; and $1,000 for a compact disc player that was allegedly stolen from the vehicle while in Rafael's possession. Knight also requested an additional $500 for administering the payment of the settlement amount. The Lazaros received payments from Rafael, totaling $9,000. Pursuant to his interpretation of the settlement and fee agreements, Knight claimed $3,135 of the settlement as attorney fees.
 {¶ 4} On April 4, 2003, the Lazaros filed a small claims complaint against Knight in the Kettering Municipal Court. The statement of claim stated: "Mr. Knight received payment on a settlement with Rafael Auto but still owes the Lazaro's [sic] $500.00." Knight responded that the $500 that the Lazaros claim is owed to them by Rafael. Knight further requested that the litigation be transferred to the court's regular docket. That request was granted.
 {¶ 5} On May 27, 2003, Knight filed a motion to dismiss or for summary judgment. He argued that the fee agreement between himself and the Lazaros provided that he would receive a contingency fee of 1/3 of the funds recovered, and that the settlement between Rafael and the Lazaros was in the amount of $9,500. He argued that Rafael had paid only $9,000. Thus, the additional $500 was owed by Rafael. In the alternative, Knight argued that the court lacked jurisdiction over the fee dispute. He asserted that jurisdiction and venue lay with the Dayton Bar Association's fee dispute committee or ethics committee or with the Supreme Court of Ohio's Office of Disciplinary Counsel. On May 30, 2003, the court overruled the motion without opinion. Trial before the magistrate was set for August 26, 2003.
 {¶ 6} On August 25, 2003, Knight filed a motion to continue the trial, stating that the "undersigned counsel has been unexpectedly called out of town on that date." Later that day, the court informed Knight that it was overruling the motion, and it journalized that decision on August 26, 2003. (The court subsequently noted that "[a]t no time prior to or after filing his Motion for continuance did the Defendant otherwise attempt to call or communicate with the Court regarding the reason for or status of any continuance.") The trial was held on the scheduled trial date without Knight's presence.
 {¶ 7} On August 28, 2003, the trial court granted judgment in favor of the Lazaros. The court found that Knight and the Lazaros had entered into a flat fee/contingency fee agreement whereby Knight would represent the Lazaros' claims against Rafael for $150. We presume that the trial court interpreted the handwritten modification to the flat fee portion of the agreement to mean that Knight had waived all fees but the $150 flat fee circled in paragraph 3(A) of the agreement. The court further concluded that the settlement agreement provided that he would receive $1,500 in attorney fees. Thus, the court concluded that Knight was entitled to receive only $1,500. Although the court did not clarify its ruling, the trial court apparently concluded that the $150 flat fee was subsumed by the attorney fee provision in the settlement agreement. The court further concluded that the Lazaros "never agreed to Defendant receiving more than $1,500 before Plaintiffs received all amounts due them pursuant to the Settlement Agreement. Plaintiffs have not received the final $500 pursuant to the Settlement agreement despite the fact that Defendant has received $3,000.00 in attorney fees." The court thus entered judgment in favor of the Lazaros and against Knight in the amount of $500 plus interest and costs.
 {¶ 8} Knight filed a notice of appeal from the trial court's rulings of May 30, 2003; August 25, 2003; and August 28, 2003. However, in his brief, Knight indicates that he is appealing from the denial of his motion to dismiss. Knight raises one assignment of error on appeal. "THE TRIAL COURT ERRED IN FAILING TO DISMISS APPELLEE'S LAWSUIT FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF COULD BE GRANTED."
 {¶ 9} Although Knight's motion to dismiss or for summary judgment relied primarily upon Civ.R. 56 and included numerous exhibits, Knight claims on appeal that the trial court erred in failing to dismiss the Lazaros' complaint, pursuant to Civ.R. 12(b)(6). (In setting forth the standard of review, however, Knight cites to the court's review of motions for summary judgment.) Knight argues that the Lazaros' only assertion in their complaint was "Mr. Knight owes us $500.00." He contends that this a conclusory allegation, unsupported by any factual allegations. He asserts that the complaint should have been dismissed, and the trial court should have required the Lazaros to file an amended complaint which included a factual foundation for their claim against him. The Lazaros have not filed a responsive brief with this court.
 {¶ 10} As an initial matter, we emphasize that Knight has not challenged the trial court's decision and judgment following the trial. Accordingly, we need not address whether the evidence at trial supported the judgment in favor of the Lazaros. Parenthetically, such a review would be difficult, at best, considering that a transcript of the trial is not contained in the record. Knight likewise has not appealed the denial of his motion to continue the trial. Moreover, Knight has not challenged the trial court's denial of his motion for summary judgment. Thus, we likewise need not address whether the denial of that motion was rendered harmless by the subsequent trial on the merits. See Continental Ins. Co. v. Whittington,71 Ohio St.3d 150, 156, 1994-Ohio-362, 642 N.E.2d 615; Balson v. Dodds
(1980), 62 Ohio St.2d 287, 405 N.E.2d 293, paragraph one of the syllabus. As for Knight's motion, in the alternative, to dismiss, we note that Knight did not raise the adequacy of the Lazaros' pleading in the trial court at any time. Rather, his motion to dismiss claimed only that the court lacked jurisdiction and venue over the Lazaros' claim, on the ground that it should have been construed as a fee dispute or an ethical complaint. Thus, Knight has waived any challenge to the adequacy of the Lazaros' pleading.
 {¶ 11} Even were we to address Knight's claim herein that the pleading is inadequate to comply with Civ.R. 8, the assignment of error is patently unsupportable because Knight's reliance on the pleading requirements of Civ.R. 8 is misplaced.
 {¶ 12} Civ.R. 1(C)(4) provides that the Civil Rules do not govern the proceedings in small claims matters "to the extent that they would by their nature be clearly inapplicable." The Civil Rules "should be held to be clearly inapplicable only when their use will alter the basic statutory purpose for which the specific procedure was originally provided in the special statutory action." Price v. Westinghouse Elec. Corp. (1982),70 Ohio St.2d 131, 133, 435 N.E.2d 1114 (quoting State ex rel.Millington v. Weir (1978), 60 Ohio App.2d 348, 349,397 N.E.2d 770).
 {¶ 13} Per R.C. 1925.04(A), "[a]n action is commenced in the small claims division when the plaintiff, or the plaintiff's attorney, states the amount and nature of the plaintiff's claim to the court as provided in this section." Paragraph (B) of R.C.1925.04 provides: "The claim shall be reduced to writing in concise, nontechnical form."
 {¶ 14} Those provisions of R.C. 1925.04 supersede the more specific pleading requirements of Civ.R. 8 in small claims actions. Further, they are satisfied by the Lazaros' statement of claim that "Mr. Knight received payment on a settlement with Rafael Auto but still owes the Lazaros $500."
 {¶ 15} In addition, given Knight's thorough memorandum in support of his motion for summary judgment, it is obvious that he was made aware of the factual basis for the Lazaros' claim.
 {¶ 16} The assignment of error is overruled.
 {¶ 17} The judgment of the trial court will be affirmed.
Fain, P.J. and Grady, J., concur.
[1] The record does not contain a transcript of the August 26, 2003, trial nor any exhibits that may have been presented at that time. Accordingly, we rely primarily upon the evidence submitted by Knight in support of his uncontested motion for summary judgment.