[Cite as *Bellbrook Firefighters Assn. v. Haus*, 2019-Ohio-3194.]


IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY


BELLBROOK FIREFIGHTERS            :
ASSOCIATION                       :
                                  :    Appellate Case No. 2018-CA-43
        Plaintiff-Appellee        :
                                  :    Trial Court Case No. 2018-CVI-675
v.                                :
                                  :    (Civil Appeal from
ATHENA HAUS                       :     Municipal Court)
                                  :
        Defendant-Appellant       :


. . . . . . . . . . .

O P I N I O N

Rendered on the 9th day of August, 2019.

. . . . . . . . . .

BELLBROOK FIREFIGHTERS' ASSOCIATION, c/o Anthony Bizarro, 35 North West Street, Bellbrook, OH 45305
        Plaintiff-Appellee

ANDREA G. OSTROWSKI, Atty. Reg. No. 0075318, 20 South Main Street, Springboro, Ohio 45066
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1}   Athena Haus appeals from a judgment of the Xenia Municipal Court, Small Claims Division, which entered judgment against her in the amount of $805.78 plus court costs. Haus asserts that the trial court erred by entering judgment when she had not been properly served, that the trial court erroneously entered judgment before her time to answer had expired, and that there was no evidence that she was responsible for the cost of the items that came up missing when she resigned from the plaintiff organization, Bellbrook Firefighters' Association ("the association").

{¶ 2} We conclude that service was properly completed by ordinary mail of an amended complaint, identical to the original with respect to the nature of the claim, after certified mail of the original complaint went unclaimed, and that the notice of trial date accompanying the ordinary mail was within the time parameters of R.C. 1925.04 and not controlled by the Civil Rules for time to answer. Finally, Haus did not appear for trial and, at that hearing, the trial court did not err in granting judgment for the association.

### Course of Proceedings

{¶ 3}   Haus had been president of the association and was the primary instructor of classes for cardiopulmonary resuscitation (CPR), automated external defibrillator (AED), and Basic First Aid (BFA). On January 22, 2018, shortly before she resigned under "not the best of terms," (Tr. 5), she placed an order for CPR, AED and BFA certification cards. The order was charged to the association in the amount of $805.78. The new president of the association stated that the cards were delivered to Haus prior to her leaving. On April 7, 2018, the association wrote a letter to Haus requesting that she inform the association of the location of the cards, return the cards, or provide reimbursement

for the cost of the cards.

{¶ 4} On July 18, 2018, the new association president filed a small-claims complaint in Xenia Municipal Court for $805.78 (the cost of the cards) and court costs. The original complaint requested relief in the form of information regarding the location of the cards, return of the cards, or reimbursement of the cost of those she had used and return of the remainder. An attempt to serve the complaint was made by certified mail. The record reveals that on July 20, 2018, the post office left a notice at Haus's address of 3210 Upper Bellbrook Rd., Bellbrook, Ohio 45305, but the complaint and summons notifying the recipient of the trial date went unclaimed. The return-to-sender "unclaimed" notice was dated August 21, 2018. The association was notified of the service failure.

{¶ 5} On September 14, 2018, the association filed an amended small-claims complaint; the only difference between that complaint and the original was that the amended complaint deleted the alternative resolution requests for full or partial return of the cards or for information regarding their whereabouts. The nature of the claim was the same and the "AMOUNT CLAIMED" on the form, $805.78 plus court costs, was identical to the original. It contained the same attached letter of April 7, 2018 detailing the items ordered and their cost to the association. The association requested personal service of the amended claim, which was accompanied by a notice indicating when the trial of the matter was set, the location, and that failure to appear for trial could result in judgment against the defendant. Personal service failed and that return included the following bailiff's note: "Attempted service on 9-24-18 at noon, locked gate. Cameras + keypad at gate. No door bell or button to let someone know I was at gate."

{¶ 6} A request for ordinary mail service was made. A certificate of mailing

indicates a summons and amended complaint were sent on October 3, 2018. The trial remained scheduled for October 23, 2018 at 10:00 a.m., 20 days after the ordinary mail. The record does not contain any suggestion that the ordinary mail was returned to the court.

{¶ 7} Haus did not appear for the trial. After reviewing the documentation and listening to the new president, the court ordered judgment for the association as indicated. The court completed the part of the judgment form stating that the decision was made after "having heard the evidence" and not the part of the form that refers to judgment by default.

{¶ 8} On November 16, 2018, Haus, through counsel, filed a two-branch "Post Judgment Motion." Branch one sought relief from judgment under Civ. R. 60(B)(5) on the basis that the amended complaint was not unclaimed, only the original complaint was returned as unclaimed, and therefore, Haus argued, ordinary mail service of the amended complaint was improper. Further, she argued that she was not given 28 days to file an answer as provided by the Civil Rules. Branch two of the motion sought a new trial under Civ. R. 59(A)(1), because the complaint was filed by the president of the association, which Haus asserted was a "legal entity." Haus attached a copy of an Ohio Secretary of State reinstatement form for the "Bellbrook Firefighter's Association, Inc.," effective August 25, 2017. Notably, the post-judgment motion did not assert that Haus had not received the amended claim or the notice of trial sent by ordinary mail. The post-judgment motion was set for a hearing on December 18, 2018, but Haus filed her notice of appeal on November 26, 2018. On that date, the court noted that the case was "now with the Second District Court of Appeals."

## Preliminary Issue

**{¶ 9}** The appellee-association appears to be a corporation. The association's brief was filed in the name of "Bellbrook Firefighter's Association, Inc." by "Anthony Bizzaro-President." Haus filed a motion to strike the association's brief on the ground that a non-attorney officer of a corporation cannot represent the corporation in court and on the ground that the brief had attachments some of which were not before the trial court. By decision and entry of June 18, 2019, we indicated we would not consider evidence attached to the brief that was not in the trial court record, but we took under advisement the issue of whether to strike the brief on the other grounds raised.

**{¶ 10}** Ordinarily, an officer of a corporation may not represent the organization in court. Nevertheless, in the small claims division, "a corporation may, through any bona fide officer or salaried employee, file and present its claim or defense in any action in a small claims division arising from a claim based on a contract to which the corporation is an original party or any other claim to which the corporation is an original claimant, provided such corporation does not, in the absence of representation by an attorney at law, engage in cross-examination, argument, or other acts of advocacy." Haus did not appear at trial to timely raise the representation issue, or any nuances thereof, and that issue has been waived. *Myles v. Richardson*, 2d Dist. Montgomery No. 23186, 2009-Ohio-6394, ¶ 33. Conversely, however, filing a brief in the court of appeals unquestionably is an act of advocacy that can be done only by an attorney on behalf of a corporation. Accordingly, we strike the brief of the appellee and turn to the issues before us.

## Assignments of Error

**{¶ 11}** The assignments of error are:

1. The trial court erred in entering a judgment against the Defendant when service was not perfected.

2. The trial court erred in entering a judgment against the Defendant when the Defendant still had time left to file an Answer.

3. The trial court erred in granting judgment against the Defendant when there was no evidence she was responsible for the missing items.

### Service of Process

{¶ 12} We begin with Civ.R. 1(C)(4), which provides that the Civil Rules do not govern proceedings in small claims matters "to the extent that they would by their nature be clearly inapplicable." The Civil Rules "should be held to be clearly inapplicable only when their use will alter the basic statutory purpose for which the specific procedure was originally provided in the special statutory action." *Price v. Westinghouse Elec. Corp.*, 70 Ohio St.2d 131, 133, 435 N.E.2d 1114 (1982), quoting *State ex rel. Millington v. Weir*, 60 Ohio App.2d 348, 349, 397 N.E.2d 770 (10th Dist.1978). This is consistent with R.C. 1925.16 (stating that "[e]xcept as inconsistent procedures are provided in this chapter" the Civil Rules apply in small claims court). More specifically, R.C. 1925.05(A) provides that "[n]otice of the filing shall be served on the defendant as provided by the Rules of Civil Procedure." Accordingly, the civil rules apply for service of process in small claims court.

{¶ 13} Haus cites no authority for the proposition that an amended claim in small claims court first must be unclaimed by certified mail before ordinary mail is applicable. On this record, we disagree with Haus's contention that service of the amended claim was insufficient because the amended claim was not first attempted to be served by

certified mail. We reach this conclusion for several reasons. First, R.C. 1925.04(B) provides that "[t]he claim shall be reduced to writing in concise, nontechnical form." The statute does not even refer to the initiating document as a complaint. In this case, the "complaint" is a fill-in-the-blanks form of the Xenia Municipal Court Small Claims Division. Secondly, the "amended" claim here is on the same pre-printed form and only deletes alternative forms of relief. It does not add any claims, parties, or theories of recovery or change the amount of damages. In fact, it does not at all change the nature of the claim upon which relief eventually was granted. Finally, R.C. 1925.05(B) provides: "If the notice is returned undelivered or if in any other way it appears that notice has not been received by the defendant, at the request of the plaintiff or his attorney, a further notice shall be issued, setting the trial for a subsequent date, to be served in the same manner as a summons is served in an ordinary civil action."

{¶ 14} Under these circumstances, on this record, we conclude Civ.R. 4.6(D), providing for ordinary mail service when certified mail is "unclaimed," was satisfied in this case.

{¶ 15} The first assignment of error is overruled.

### Twenty-eight Days to Answer in Civ.R. 4.6(D) Does Not Apply

{¶ 16} Haus's second assignment argues the trial court could not enter judgment before 28 days had passed for her to file an answer. That is simply incorrect. An answer is not contemplated by the small claims statutes, R.C. 1925.01, et seq. Upon initiation of a claim in small claims court, the matter is promptly set for trial. "The time set for such trial shall be not less than fifteen or more than forty days after the commencement of the action." R.C. 1925.04(B). Fifteen days for trial obviously does not permit 28 days for an

answer. Moreover, R.C. 1925.05(A) specifies the content of the notice to the defendant, including that "[t]he court will hold trial upon this claim at (here insert where and the room number, as may be necessary) at (here insert the hour) on (here insert the date, including the day of the week)" and that "[i]f you do not appear at the trial, judgment may be entered against you by default, and your earnings may be subjected to garnishment or your property may be attached to satisfy the judgment." The only filing requirement is that, if the defendant has a counterclaim, it must be filed and served seven days before trial. *Id*. Finally, we have held that the 28-day answer period is inapplicable in small claims court. *Pennington Paving, Inc. v. Bloedel*, 2d Dist. Greene No. 2009CA2, 2009-Ohio-2425, ¶ 13.

{¶ **17**} The second assignment of error is overruled.

### Evidence before the Court

{¶ **18**} Haus contends there was no evidence to support a conclusion that she was responsible for the missing cards. We disagree. Haus's opportunity to contest the claim was for her to appear at trial and present her side of the story. She did not. Moreover, the rules of evidence do not apply in small claims proceedings. Evid.R. 101(C)(8). We have reviewed the claim and the attachment. The new association president stated that Haus received the cards and that she left under "not the best of terms." He also indicated that she apparently was still providing training. The trial court could have reasonably inferred that Haus, who was responsible for the association property in her possession, took the uncompleted cards with her. We find that the evidence was more than sufficient for the court to have entered judgment against Haus.

{¶ **19**} The third assignment of error is overruled.

## Conclusion

**{¶ 20}** Haus's three assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FROELICH, J. and TUCKER, J., concur.

Copies sent to:

Anthony Bizarro
Andrea G. Ostrowski
Hon. Catherine M. Barber, Visiting Judge