**TALLEY**

v.

**WARNER.**

Cleveland Municipal Court,
Housing Division.

No. 99–CVG–7215.

Decided May 12, 1999.

*Lilloise Talley, pro se.*

*Laquawn Warner, pro se.*

---

Raymond L. Pianka, Judge.

In order to correct clerical errors in this court's decision in this matter as

**44**

journalized April 20, 1999, this present entry is made *nunc pro tunc.*[1]

This case is before the court on plaintiff's first cause of action in forcible entry and detainer, for restitution of rental premises. A review of the court's docket and file reveals the following procedural history.

Plaintiff Lilloise Talley filed her complaint on March 30, 1999. On March 31, 1999, the clerk issued service of the summons and complaint by ordinary mail. On the same day, a second copy of the summons and complaint was issued to the bailiff for service. Service was not issued by certified mail. On April 6, 1999, the bailiff left the summons and complaint in the mail slot of the premises.

Prior to proceeding to a hearing on the merits of plaintiff's claim, the court must determine whether defendant Laquawn Warner has been served properly with the summons and complaint.

Service in actions in forcible entry and detainer is governed by the recently amended R.C. 1923.06. That statute, as amended, does not require service of the summons and complaint by certified mail. Instead, it permits service of the summons and complaint by ordinary mail and bailiff service simultaneously. The statute permits a modified form of bailiff service, different from that normally contemplated by the Civil Rules, allowing bailiffs to serve the summons and complaint by posting them at the premises.

In this case, to determine whether valid service took place, the court, in the ordinary course, would be required to determine whether bailiff service accomplished by leaving the summons and complaint in the mail slot of the premises constitutes "posting" under R.C. 1923.06. However, in light of the following, the court shall not be required to reach that determination.

After reviewing the relevant provisions of the Ohio Constitution, the Ohio Rules of Civil Procedure, statutes, and case law, this court determines that the service mandated by R.C. 1923.06 is in direct conflict with Civ.R. 4.1 through 4.6 and thus is invalid and of no force and effect.

---

**1.** Clerical errors corrected by this entry are as follows: (1) when referring to this court, initial capitalization of the letter "C" has been removed for consistency throughout; (2) paragraph 2—the second sentence has been completed by adding after the word "following" the words "procedural history"; (3) paragraph twenty—the word "frustrates" in the second sentence has been corrected to "frustrate"; (4) paragraph twenty-one—the word "has" in the first sentence has been corrected to "have," the phrase "the certified mail has not been endorsed and" has been added to the last sentence between the words "or" and "the," and the word "has" has been inserted in the last sentence between the words "ordinary mail" and "returned"; (5) paragraph twenty-three—the phrase "the certified mail has not been endorsed and" has been added to the last sentence between the words "or" and "the" and the word "has" has been inserted in the last sentence between the words "ordinary mail" and "returned"; and (6) paragraph twenty-four—the citation of "R.C. 1923.08" has been corrected to "R.C. 1923.06."

Section 5(B), Article IV of the Ohio Constitution, the linchpin of the Modern Courts Amendment of 1968, states in part:

"The supreme court shall prescribe rules governing practice and procedure in all courts of the state, which rules shall not abridge, enlarge, or modify any substantive right. * * * All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect."

■ Thus, the Ohio Rules of Civil Procedure, which were promulgated by the Supreme Court pursuant to Section 5(B), Article IV of the Ohio Constitution, control over subsequently enacted statutes purporting to govern procedural matters. *Hiatt v. S. Health Facilities, Inc.* (1994), 68 Ohio St.3d 236, 237, 626 N.E.2d 71, 72, citing paragraph two of the syllabus of *Rockey v. 84 Lumber Co.* (1993), 66 Ohio St.3d 221, 611 N.E.2d 789.

R.C. 1923.06, as amended effective March 30, 1999, purports to govern service of process in evictions. The court must review the statute in light of the Civil Rules to determine whether the statutory provision is in conflict with procedures prescribed by the rules. At the outset, this court notes that the United States Supreme Court has found posting alone to be insufficient procedural due process. *Greene v. Lindsey* (1982), 456 U.S. 444, 102 S.Ct. 1874, 72 L.Ed.2d 249. Therefore, the sufficiency of this statutory procedure turns on its reliance on ordinary mail.

■ The Civil Rules prescribe the procedures to be followed in all courts of this state in the exercise of civil jurisdiction at law or in equity, with certain stated exceptions. Civ.R. 1(A). The Civil Rules, in general, will be held to be applicable unless they are specifically excepted or "their use would alter the basic statutory purpose for which the specific procedure was originally provided in a special statutory action." *State ex rel. Millington v. Weir* (1978), 60 Ohio App.2d 348, 349, 14 O.O.3d 310, 311, 397 N.E.2d 770, 772.

■ One of the stated exemptions to the complete application of the Civil Rules is the eviction action. The rules, to the extent that they would by their nature be clearly inapplicable, do not apply to procedure in forcible entry and detainer. Civ.R. 1(C)(3).

■ The determination of whether the Civil Rules are "clearly inapplicable" to actions is made on a rule-by-rule basis. *Price v. Westinghouse Elec. Corp.* (1982), 70 Ohio St.2d 131, 24 O.O.3d 237, 435 N.E.2d 1114. In general, the rules are held to be applicable in evictions unless they are found to frustrate the summary nature of the proceedings. *State ex rel. GMS Mgt. Co., Inc. v. Callahan* (1989), 45 Ohio St.3d 51, 54, 543 N.E.2d 483, 487; *Cuyahoga Metro.*

*Hous. Auth. v. Jackson* (1981), 67 Ohio St.2d 129, 130–132, 21 O.O.3d 81, 82–84, 423 N.E.2d 177, 178–179.

■ Civ.R. 4.1 through 4.6 govern service. In Ohio, certified mail is the preferred method of service as expressed in the language of the rule itself, which states:

"Evidenced by return receipt signed by any person, service of any process *shall* be by certified or express mail unless otherwise permitted by these rules." (Emphasis added.)

The 1970 Staff Note to Civ.R. 4.1 states, "Rule 4.1(1) clearly indicates that the basic and preferred method of service of original process shall involve * * * certified mail, return receipt requested." Recognizing the inadequacy of ordinary mail service, Ohio rejected ordinary mail service in 1970. Anderson's Ohio Civil Practice (1987), Section 150.17. In 1995, perhaps troubled by the lack of verification of receipt or lack of reliability, the Supreme Court Rules Advisory Committee rejected language similar to that contained in R.C. 1923.06.

Civ.R. 4.1(A) mandates service of process by certified or express mail. Civ.R. 4.6 governs service by ordinary mail. The rules permit service by ordinary mail only after certified or express mail has been returned "refused" or "unclaimed."

■ The use of certified or express mail does not frustrate the summary nature of evictions. Pursuant to the United States Postal Service Rules and Regulations, certified mail is held "no fewer than 3 days nor more than 15 days (unless the sender specifies fewer days)." United States Postal Service, Domestic Mail Manual, at Section F030.4.2(f). Under the postal regulations, the clerk issuing service is free to specify a period of as little as three days during which the postmaster is to hold the mail for delivery. Thus, the requirement of certified/express mail causes only an incremental delay in the proceedings where it returns unclaimed or undeliverable.

Civ.R. 4.6(C) and (D) bar issuance of service of process by ordinary mail until after the certified or express mail is refused or unclaimed. This requirement does frustrate the summary nature of eviction proceedings, but only insofar as it does not permit the Civ.R. 4.6 ordinary mail service to be made simultaneously with the Civ.R. 4.1(A) certified or express mail service. Therefore, this court finds "clearly inapplicable" to actions in forcible entry and detainer only those portions of the above-mentioned rules which do not permit service by ordinary mail to issue simultaneously with service by certified or express mail.

The remaining portions of Civ.R. 4.6(C) and (D) then have no effect on the summary nature of eviction proceedings because courts may send Civ.R. 4.6 ordinary mail service simultaneously with Civ.R. 4.1(A) certified mail service.

Courts may simply make ordinary mail service in each eviction case, albeit before the court knows whether the certified mail service is refused or unclaimed. The eviction hearing would go forward on the appointed day unless the certified mail returned undeliverable or the certified mail has not been endorsed and the ordinary mail has returned showing a failure of delivery.

Newly amended R.C. 1923.06 permits a plaintiff in an action in forcible entry and detainer to achieve service by ordinary mail, when that ordinary mail service is accompanied by posting the complaint at the premises. This statutory procedure for service of process is in direct conflict with Civ.R. 4.1(A) and 4.6 because it permits service of process by ordinary mail without service (or attempted service) of process by certified or express mail. When a statute purports to establish a procedure for a particular category of civil claims and the procedure is in conflict with an existing Civil Rule, "the Ohio Rules of Civil Procedure * * * must control over subsequently enacted statutes purporting to govern procedural matters." *Hiatt v. S. Health Facilities, Inc.*, 68 Ohio St.3d at 237, 626 N.E.2d at 72. This court holds that the R.C. 1923.06 statutory procedure for service in evictions is invalid and of no force and effect to the extent that it directly conflicts with Civ.R. 4.1 through 4.6 by virtue of Section 5(B), Article IV of the Ohio Constitution. See, also, *Hiatt.*

In conclusion, Civ.R. 4.1(A) and 4.6, and not R.C. 1923.06, establish the requisite procedures for service of process for eviction complaints. These rules authorize issuance of service of process by ordinary mail only after certified or express mail service is returned as "refused" or "unclaimed." Insofar as this requirement frustrates the summary nature of eviction proceedings, this court has found "clearly inapplicable" only that portion of the rules which does not permit Civ.R. 4.6 ordinary mail service to be made simultaneously with Civ.R. 4.1(A) certified or express mail service. Accordingly, this court finds that service of process in evictions may be made by certified or express mail sent simultaneously with ordinary mail service. Such evictions may be heard on the appointed day unless the certified mail is returned undeliverable or the certified mail has not been endorsed and the ordinary mail has returned showing a failure of delivery.

Finally, having determined to be invalid those portions of R.C. 1923.06 that conflict with the Civil Rules, this court need not reach the issue of whether service by ordinary mail and posting at the premises meets the requirements of due process. As noted above, the United States Supreme Court has held that service of process in evictions by posting alone is constitutionally insufficient, for as stated in *Greene v. Lindsey*, 456 U.S. at 453, 102 S.Ct. at 1879–1880, 72 L.Ed.2d at 257:

"[I]t is clear that, in the circumstances of this case, merely posting notice on an apartment door does not satisfy minimum standards of due process. In a significant number of instances, reliance on posting * * * results in a failure to provide actual notice to the tenant concerned. * * * As the process servers were well aware, notices posted on apartment doors * * * were 'not infrequently' removed by children or other tenants before they could have their intended effect." (Footnote omitted.)

Furthermore, that court stated:

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.* (1950), 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873.

This court has grave concerns about whether due process is afforded to defendants who are served process by ordinary mail and posting, when those methods provide for no verification that service has reached the named defendants. In the instant matter there is virtually no assurance that service has *not* been made upon the wrong address or individuals.

The summons and complaint in this action have been served solely by ordinary mail and by leaving a copy of the summons and the complaint on the subject premises. This service of process fails to comply with the requirements of Civ.R. 4.1(A) and 4.6. Therefore, this court has no jurisdiction to hear the matter and the case is passed for service. The clerk shall reissue service of the summons and complaint in this matter by certified mail and regular mail simultaneously. Plaintiff must file a written request with the clerk of court if she seeks bailiff service by personal or residential service in this matter.

*Judgment accordingly.*