OPINION
{¶ 1} Plaintiff-appellant, Patricia Nicholas, appeals the decision of the Butler County Court of Common Pleas granting the summary judgment motion of defendant-appellee, Sharon Deal. We affirm the common pleas court's decision.
 {¶ 2} On May 18, 2000, appellant filed a complaint against appellee, her former attorney, alleging legal malpractice and breach of contract. Appellant had great difficulty serving appellee with the complaint. After numerous unsuccessful attempts to serve appellee, appellant finally served appellee with the complaint on January 11, 2002.
 {¶ 3} In May 2002, appellee moved for summary judgment. She argued that because appellant did not serve her with the complaint within one year of the filing of the action, the statute of limitations barred the action from proceeding. The common pleas court agreed and granted summary judgment to appellee as to the malpractice claim, though not as to the breach of contract claim.
 {¶ 4} Appellant now appeals the common pleas court's decision, assigning one error as follows:
 {¶ 5} "THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT IN GRANTING APPELLEE-DEFENDANT SHARON DEAL'S MOTION FOR SUMMARY JUDGMENT."
 {¶ 6} In her sole assignment of error, appellant argues that she served appellee within one year of the filing of the complaint. Even if appellee was not actually served within the one-year period, appellant argues that appellee was constructively served. Even if appellee was not actually or constructively served within the one-year period, appellant argues that the statute of limitations relevant to legal malpractice actions does not bar her suit from proceeding. Finally, even if the statute of limitations does apply, appellant argues that the statute of limitations should have been tolled due to appellee's absence from the state.
 {¶ 7} Civ.R. 56(C) provides that summary judgment shall be rendered where (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64,66. An appellate court's standard of review on appeal from summary judgment is de novo. Burgess v. Tackas (1998), 125 Ohio App.3d 294, 296.
ACTUAL SERVICE
 {¶ 8} Appellant first argues that appellee was served with the complaint in September 2000, within one year of the filing of the complaint. Appellant argues that appellee was served via ordinary mail.
 {¶ 9} In September 2000, appellant simultaneously attempted to serve appellee via certified mail and ordinary mail at appellee's business address on Breiel Boulevard in Middletown, Ohio. The envelope sent via certified mail was returned "unclaimed" while the envelope sent via ordinary mail was not returned. Appellant had previously sent a copy of the summons and complaint via certified mail to appellee's former business address on Summit Drive, also in Middletown.
 {¶ 10} Civ.R. 4.1 provides the methods for in-state service, which include service by certified or express mail, personal service, and residence service. Civ.R. 4.6(D) provides the procedure for when certified mail is returned "unclaimed." The rule states that, in the event that certified mail is returned "unclaimed," the clerk shall notify the attorney or party who requested service. Civ.R. 4.6(D). After notification by the clerk, the attorney or serving party may request in writing that the clerk send a copy of the summons and complaint via ordinary mail to "the address set forth in the caption, or * * * the address set forth in written instructions furnished to the clerk." Id. "Service shall be deemed complete when the fact of mailing is entered of record, provided that the ordinary mail envelope is not returned * * * with an endorsement showing failure of delivery." Id.
 {¶ 11} We find that appellant did not properly serve appellee in September 2000 because appellant did not follow the procedure set forth in Civ.R. 4.6(D). Civ.R. 4.6(D) clearly requires the serving party to first attempt service via certified mail. If the envelope is returned "unclaimed," the rule allows the serving party to attempt service via ordinary mail. If the envelope mailed via ordinary mail is not returned marked "failure of delivery," service is complete. In this case, appellant did not first attempt service by certified mail, and then attempt service by ordinary mail when the envelope sent via certified mail was returned "unclaimed." Appellant sent certified mail and ordinary mail to the same address simultaneously. Therefore, appellant did not comply with the requirements of Civ.R. 4.6(D).
 {¶ 12} Appellant had attempted service by certified mail to a different address, appellee's former business address on Summit Street in Middletown. The envelope was returned because the forwarding order to appellee's new business address had expired. Appellant argues that service was complete after her ordinary mail attempt in September 2000 because a previous attempt by certified mail had been returned "unclaimed," even though the certified mail attempt was made to a different address. However, Civ.R. 4.6(D) requires that service by ordinary mail be sent to the same address as the attempted service by certified mail. United HomeFed. v. Rhonehouse (1991), 76 Ohio App.3d 115, 124.
 {¶ 13} Appellant also argues that because appellee filed an answer, service was adequate because the filing of the answer was evidence that appellee had notice of the action. However, it "does not matter that a party has actual knowledge of the lawsuit and has not in fact been prejudiced by the method of service." Bell v. MidwesternEducational Serv., Inc. (1993), 89 Ohio App.3d 193, 203. "If such were not the case, the defense of lack of jurisdiction over the person or insufficiency of process could never be asserted by a defendant in an answer or a motion, as allowed now by Civ.R. 12(B), because the mere assertion of such defenses would prove that the defendant knew about the pendency of the action and thus all rules relating to service of process would be nullities." Id. Therefore, appellee's filing of an answer did not remove appellant's obligation to properly serve appellee.
CONSTRUCTIVE SERVICE
 {¶ 14} Appellant argues that appellee was constructively served because she deliberately avoided service of process. Citing B-DrySystem, Inc. v. Kronenthal (June 30, 1999), Montgomery App. No. 17130, Greene App. No. 17619, appellant argues that allowing a party to avoid service of process deliberately undermines the integrity of the judicial process, and defeats the fair and efficient administration of justice.
 {¶ 15} After reviewing the record, we find no evidence that appellee deliberately avoided service of process. This case is substantially different from the B-Dry case cited by appellant, in which a party blatantly avoided attempts at personal service by a court-appointed process server, a sheriff's office, and a privately retained process server. Additionally, it appears from the record that appellee's new business address on Breiel Boulevard was known to appellant. Appellant had in fact met with appellee in her office on Breiel Boulevard before terminating the attorney-client relationship and filing the malpractice action. Further, appellee's new business address appears in court documents within a year after appellant filed her action. These facts support the conclusion that appellee was not avoiding service of process.
STATUTE OF LIMITATIONS
 {¶ 16} Appellant next argues that she served appellee within the time frame provided for in the statute of limitations. R.C. 2305.11(A) states that a malpractice action "shall be commenced within one year after the cause of action accrued." Civ.R. 3(A) states that "[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant[.]"
 {¶ 17} The Ohio Supreme Court has adopted the "discovery rule" to define the date upon which a cause of action accrues and the statute of limitations begins to run in a legal malpractice action pursuant to R.C.2305.11(A). Skidmore Hall v. Rottman (1983), 5 Ohio St.3d 210, syllabus. The court has held that a cause of action for legal malpractice accrues and the statute of limitations begins to run when the client discovers, or, in the exercise of reasonable care and diligence should have discovered, that his injury is related to his attorney's act or non-act. Zimmie v. Calfee, Halter, and Griswold (1989), 43 Ohio St.3d 54,58.
 {¶ 18} Appellee had represented appellant with regard to a workers' compensation claim. The record indicates that the attorney-client relationship ended when appellant sent appellee a letter of termination on May 17, 1999. On May 18, 2000, appellant filed her legal malpractice complaint in the common pleas court. In the complaint, appellant alleged that appellee failed to timely appeal a decision of the Ohio Bureau of Workers' Compensation.
 {¶ 19} It is clear that appellant "discovered" the injury that resulted from the alleged negligence of appellee no later than the time she filed her legal malpractice complaint on May 18, 2000. Therefore, she had one year from that date to "commence" the action by serving appellee with the complaint. However, the record shows that she did not serve appellee with the complaint until January 11, 2002. Even assuming appellant did not "discover" her legal claim until May 18, 2000, appellant did not serve appellee within one year after the cause of action accrued. Therefore, the legal malpractice action did not commence within one year as required by R.C. 2305.11(A), and is barred by the statute of limitations.
 {¶ 20} Citing Omni Food Fashion, Inc. v. Smith (1989),38 Ohio St.3d 385, 388, appellant argues that her cause of action accrued when she became "aware of the extent and seriousness" of the harm. Appellant argues that she was not aware of the true seriousness of appellee's alleged negligence until this court issued its opinion on November 6, 2001. In that decision, this court held that the common pleas court did not have jurisdiction to hear appellant's workers' compensation claim because appellant did not timely appeal the Bureau of Workers' Compensation decision. Appellant argues that, at that point, she became aware of the true seriousness of the harm because it was clear that her claim was permanently barred. At that point, appellant argues, the cause of action accrued.
 {¶ 21} We reject appellant's argument. A plaintiff need not have discovered all the relevant facts necessary to file a claim in order to trigger the statute of limitations. Flowers v. Walker (1992),63 Ohio St.3d 546, 549. "Constructive knowledge of facts, rather than actual knowledge of their legal significance, is enough to start the statute of limitations running under the discovery rule." Id. It is abundantly clear that appellant had knowledge of all the relevant facts when she hired a new attorney and filed a legal malpractice action against appellee on May 18, 2000. Nevertheless, even if we accept appellant's argument that her cause of action did not accrue until November 6, 2001, her claim still fails because she did not serve appellee until January 11, 2002, over one year later.
TOLLING OF STATUTE OF LIMITATIONS
 {¶ 22} Appellant next argues that appellee's actions in concealing herself and leaving the state tolled the statute of limitations. Appellant argues that reasonable minds could conclude that appellee "may have visited [her Florida property] for a total of 66 days" after appellant's cause of action accrued.
 {¶ 23} R.C. 2305.15(A) provides as follows:
 {¶ 24} "When a cause of action accrues against a person, if the person is out of the state, has absconded, or conceals self, the period of limitation for the commencement of the action * * * does not begin to run until the person comes into the state or while the person is so absconded or concealed."
 {¶ 25} We find that appellant failed to produce any evidence showing that appellee concealed herself or absconded after appellant's cause of action accrued. Appellant did arguably show that appellee was temporarily absent from the state. Appellee's deposition testimony was that she and her husband went to Florida "once, [or] twice a year." However, we do not find this testimony to be sufficient to justify a tolling of the statute of limitations. Appellant "discovered" the facts supporting her legal malpractice action no later than May 18, 2000. Appellant served appellee on January 11, 2002, over seven months after the one-year deadline stated in R.C. 2305.11(A). In order to save her claim from the statute of limitations, appellant would have to have shown that appellee was out of the state for over seven months. Appellant did not produce evidence that appellee was absent from the state for over seven months.
 {¶ 26} Based on the foregoing, we overrule appellant's sole assignment of error. We find no genuine issues of material fact as to whether appellee was served, whether appellant's claim was barred by the statute of limitations, and whether the statute of limitations should have been tolled. Viewing the evidence in a light most favorable to appellant, reasonable minds can only reach this conclusion. Appellee is entitled to judgment as a matter of law.
 {¶ 27} Judgment affirmed.
Valen, P.J., and Walsh, J., concur.