OPINION
{¶ 1} Defendant-appellant, AT., appeals the decision of the Butler County Common Pleas Court, Juvenile Division, granting legal custody of her child to plaintiff-appellee, P.H., the child's father.[1] For the reasons that follow, we reverse the judgment of the juvenile court.
 {¶ 2} In July 2005, appellee filed an action in the juvenile court for legal custody of the child. Appellee requested that the clerk serve appellant with a summons and a copy of the complaint by simultaneous certified and ordinary mail at the Middletown address provided by *Page 2 
appellee. The certified mail was returned "unclaimed," and the ordinary mail was not returned.
 {¶ 3} The summons required appellant to appear at a hearing before the juvenile court in November 2005. Appellant did not appear at that hearing, at which the juvenile court magistrate ordered a study of appellee's home and scheduled a custody hearing for February 2006. The clerk sent notification of the custody hearing by simultaneous certified and ordinary mail to appellant at the Middletown address previously provided by appellee. The certified mail was returned "unclaimed," while the ordinary mail was not returned. Appellant did not appear at the custody hearing. In a decision filed February 23, 2006, the magistrate granted legal custody to appellee, allowing appellant visitation as arranged by the parties. On the same day, the juvenile court issued an entry adopting the magistrate's decision as a final judgment of the court.
 {¶ 4} On February 24, 2006, after the child was removed from her care, appellant filed her own motion for legal custody in the juvenile court. Listing a West Alexandria, Ohio address, appellant asserted in her motion that she "was never notified of any court date or times to appear."
 {¶ 5} On February 28, 2006, appellant timely filed objections to the magistrate's decision. Appellant asserted that she was never properly served, and that all of the clerk's mailings had been "going to [the] wrong address." On March 3, 2006, appellant, then represented by counsel, filed a motion to set aside the magistrate's decision, again asserting failure of service.
 {¶ 6} Also on March 3, 2006, appellant filed an "ex parte motion for return of legal custody." Appellant asserted that the matter was an emergency because appellant had always been the child's custodian and the child would suffer great trauma due to the sudden removal from her care. After a hearing on March 13, 2006, the juvenile court denied *Page 3 
appellant's motion.
 {¶ 7} After a hearing on March 20, 2006, the juvenile court overruled appellant's objections to the magistrate's decision and denied appellant's motion to set aside the magistrate's decision. The court found that the matter was "not necessarily controlled by [Civ.R.] 4.6 but whether or not [appellant] had notice of the hearing." The court indicated that its decision, filed March 21, 2006, was a final appealable order.
 {¶ 8} Appellant now appeals the juvenile court's March 21, 2006 decision, assigning two errors.[2]
 {¶ 9} Assignment of Error No. 1:
 {¶ 10} "THE TRIAL COURT ERRED WHEN IT OVERRULED THE OBJECTIONS OF APPELLANT AND APPELLANT'S MOTION TO SET ASIDE MAGISTRATE DECISION/ORDER. APPELLANT HAD OBJECTED TO THE MAGISTRATE GRANTING LEGAL CUSTODY OF HER CHILD TO APPELLEE WHEN APPELLANT HAD NOT BEEN PROPERLY SERVED WITH APPELLEE'S COMPLAINT FOR CUSTODY."
 {¶ 11} In her first assignment of error, appellant argues that she was never properly served with appellant's complaint for legal custody. Appellant argues that service was defective under Civ.R. 4.6 because the clerk sent the complaint by certified mail and ordinary mail at the same time. Appellant argues that because service was defective, the juvenile court never acquired jurisdiction over her. *Page 4 
 {¶ 12} Civ.R. 4.1 sets forth the permissible methods of service for in-state defendants, providing three options: (1) certified or express mail service, (2) personal service, or (3) residence service. Civ.R. 4.6(D) sets forth the procedure for when a complaint sent via certified mail is returned "unclaimed." The rule states that the clerk shall notify the party attempting service, who may then request service by ordinary mail. If the party attempting service makes such a request, service is deemed complete when the fact of mailing is entered of record, provided that the ordinary mail is not returned by postal authorities with an endorsement showing failure of delivery.
 {¶ 13} The record shows that there was not compliance with the Civil Rules regarding service of the complaint. The record shows that the clerk, upon appellee's request, sent the complaint by certified and ordinary mail at the same time. This court has stated that sending certified and ordinary mail simultaneously is not in compliance with Civ.R. 4.6(D). See Nicholas v. Deal, Butler App. No. CA2002-10-242,2003-Ohio-7212, ¶ 11.[3]
 {¶ 14} Completion of original process is necessary to clothe the trial court with the jurisdiction to proceed. Sampson v. Hooper Holmes,Inc. (1993), 91 Ohio App.3d 538, 540; O.B. Corp. v. Cordell (1988),47 Ohio App.3d 170, 171. Where service of process has not been accomplished, any judgment rendered is void ab initio. Sampson at 540;Hoffman v. New Life Fitness Centers, Inc. (1996), 116 Ohio App.3d 737,739.
 {¶ 15} Appellee cites Cheatham v. Cheatham (Dec. 18, 1992), Greene App. No. 92-CA-0057, 1992 WL 371846, in support of his argument that any error was harmless because *Page 5 
appellant was not prejudiced by the failure to strictly comply with the civil rules.[4] However, Cheatham deals with service of notice of a hearing (to establish child support arrearage), not original service of a summons and complaint, which, as stated above, is necessary for a trial court to acquire jurisdiction. Further, this court stated inNicholas that it "does not matter that a party has actual knowledge of the lawsuit and has not in fact been prejudiced by the method of service." Nicholas, 2003-Ohio-7212, at ¶ 13, quoting Bell v. MidwesternEducational Serv., Inc. (1993), 89 Ohio App.3d 193, 203. CitingBell, this court stated that finding no prejudice where a defendant has actual knowledge of the lawsuit would make it impossible for a defendant to assert an insufficiency of process defense because the assertion of the defense itself would be evidence of actual knowledge of the lawsuit and a lack of prejudice. Nicholas at ¶ 13.
 {¶ 16} Appellee also argues that appellant waived her personal jurisdiction defense and submitted herself to the jurisdiction of the juvenile court when she filed her own pro se motion for legal custody the day after the juvenile court issued its judgment granting legal custody to the father. Four days later, appellant filed her objections to the magistrate's decision, in which she raised the service of process issue.
 {¶ 17} Aside from service of process, a court can acquire personal jurisdiction over a defendant via voluntary appearance and submission of the defendant or his or her legal representative, and via certain acts of the defendant or his or her legal representative which involuntarily submit the defendant to the jurisdiction of the trial court. Maryhew v.Yova (1984), 11 Ohio St.3d 154, 156; Austin v. Payne (1995),107 Ohio App.3d 818, 821. However, implicit in the above principle is that the submission to the court's jurisdiction takes *Page 6 
place prior to final judgment because a valid judgment may only be entered by a court having personal jurisdiction over the defendant.Meadows v. Meadows (1992), 73 Ohio App.3d 316, 321.
 {¶ 18} The record shows that the court adopted the magistrate's decision and issued a final judgment granting legal custody to appellee prior to appellant's filing of her legal custody motion. Therefore, the court did not have jurisdiction over the mother at the time it issued the judgment.
 {¶ 19} Accordingly, we sustain appellant's first assignment of error. Because service of process was not accomplished and the juvenile court did not otherwise acquire jurisdiction over appellant, the court's judgment granting legal custody of the child to appellee was void ab initio. Due to our resolution of appellant's first assignment of error, appellant's second assignment of error, in which she raises a due process argument, is moot. See App.R. 12(A) (1 )(c). We reverse the judgment of the juvenile court and remand this case for further proceedings consistent with this opinion.
WALSH and YOUNG, JJ., concur.
[1] Pursuant to Loc.R. 6(A), we have sua sponte removed this case from the accelerated calendar.
[2] Appellant filed a motion for reconsideration/clarification on March 30, 2006, asking the juvenile court to reconsider or clarify its March 21, 2006 decision. The court entertained the motion and issued an entry on April 7, 2006 granting only temporary custody of the child to appellee. However, because the court never vacated its March 21, 2006 "final appealable order" granting legal custody of the child to appellee, that order was still valid. See Jurasek v. Gould Electronics,Inc., Lake App. No. 2001-L-007, 2002-Ohio-6260, ¶ 15 (trial court does not have inherent power to sua sponte modify a final judgment, but can only modify or vacate a final judgment pursuant to Civ.R. [50][B] [motion for judgment notwithstanding verdict], Civ.R. 59 [motion for new trial], and Civ.R. 60(B) [motion for relief from judgment]); see, also,Pitts v. Ohio Dept. of Transp. (1981), 67 Ohio St.2d 378, 381 (motion for reconsideration after final judgment is a legal fiction and all judgments from said motions are nullities). Accordingly, appellant could appeal the court's March 21, 2006 "final appealable order," which ruled on the service of process issues.
[3] It has been held that in forcible entry and detainer actions, simultaneous service by ordinary mail and certified mail is permissible.Talley v. Warner (M.C.1999), 99 Ohio Misc.2d 42, 47. However, the court in Talley limited its holding to the context of forcible entry and detainer actions, to which the civil rules do not apply "to the extent that they would by their nature be clearly inapplicable." See Civ.R. 1(C). The court found that Civ.R. 4.6(D)'s requirement of ordinary mail only after unclaimed certified mail was "clearly inapplicable" to forcible entry and detainer actions. Talley at 47. The court reasoned that such a requirement would frustrate the summary nature of forcible entry and detainer actions. Id.
[4] There is some evidence in the record suggesting that, while appellant was not properly served with the complaint, appellant may have received notice of the custody hearing. In an affidavit filed with the court in support of her ex parte motion for return of legal custody, appellant acknowledged receiving a birthday card for the child, mailed to the Middletown address around the same time the clerk mailed notice of the custody hearing. *Page 1