[Cite as *Craig v. Reynolds*, 2014-Ohio-3254.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Philip A. Craig, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 14AP-125 |
| v. | : | (C.P.C. No. 12CV-12670) |
| Vernon D. Reynolds, D.O., | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on July 24, 2014

*Butler, Cincione & DiCuccio, William A. Davis* and *N. Gerald DiCuccio*, for appellant.

*Freund, Freeze & Arnold*, and *Mark L. Schumacher*, for appellee.

APPEAL from the Franklin County Court of Common Pleas

O'GRADY, J.

{¶ 1} Plaintiff-appellant, Philip A. Craig, appeals from a judgment of the Franklin County Court of Common Pleas which dismissed his action against defendant-appellee, Vernon D. Reynolds, D.O., for insufficient service of process. For the following reasons, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} In October 2012, appellant filed a medical malpractice action against appellee, alleging he sustained injuries from medical care and treatment he received during an attempted surgical procedure in 2007. Appellee answered the complaint denying appellant's malpractice allegations and asserting various affirmative defenses, including insufficiency of service of process. Appellee also brought to the trial court's

attention that the action was a refiled case. Appellant voluntarily dismissed the prior action via notice in October 2011.

{¶ 3} Appellant initially attempted to serve appellee by certified mail at 5326 Firebush Lane, Columbus, Ohio 43225. That envelope was returned to the Franklin County Clerk of Courts marked "unclaimed." Thereafter, appellant requested service upon appellee by ordinary mail at Knox Community Hospital (the "hospital"), 1330 Coshocton Road, Mount Vernon, Ohio 43050. There is no indication in the record that delivery by ordinary mail failed.[1]

{¶ 4} On November 5, 2013, appellee filed a motion to dismiss pursuant to Civ.R. 12(B)(5), 12(B)(2), and 3(A). Appellee argued appellant failed to properly serve him with process in accordance with the Ohio Rules of Civil Procedure, in particular Civ.R. 4.6(D); thus, the trial court lacked personal jurisdiction over him. Appellee argued Civ.R. 4.6(D) required appellant to attempt service by ordinary mail sent to the same address from where the certified mail envelope was returned marked unclaimed. Appellee cited *In re Thompkins*, 115 Ohio St.3d 409, 2007-Ohio-5238, as well as cases from other Ohio appellate courts in support of his position. Since service upon appellee was not obtained within one year of filing the complaint, appellee contended the action never commenced pursuant to Civ.R. 3(A) and was subject to dismissal.

{¶ 5} Appellant filed a memorandum in opposition arguing that he complied with the express requirements of Civ.R. 4.6(D). Appellant explained he selected the hospital address for the ordinary mail service attempt because it was listed on the State Medical Board of Ohio's website, and appellee was legally obligated to keep his professional address current with the Board. Moreover, according to appellant, appellee was successfully served at the hospital during the original lawsuit. Appellant argued the cases cited by appellee were not binding precedent in this district, they were factually distinguishable, and the trial court need not abide by them.

---

[1] On January 30, 2014, after the trial court entered final judgment and terminated the case below, appellee filed an affidavit stating he was never served with the summons and complaint and he learned of the refiled action from his attorney. We struck that affidavit from the record on March 28, 2014, observing it was dehors the record.

{¶ 6} On January 17, 2014, the trial court issued a decision granting appellee's motion to dismiss. A judgment entry dismissing the case followed on January 21, 2014. From that judgment appellant timely appealed.

## II. ASSIGNMENT OF ERROR

{¶ 7} Appellant presents us with one assignment of error for review:

> THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF IN GRANTING DEFENDANT'S MOTION TO DISMISS FOR FAILURE OF SERVICE OF PROCESS, BY RULING THAT ORDINARY MAIL SERVICE OF PROCESS PURSUANT TO OHIO CIVIL RULE 4.6(D) MUST BE SENT TO THE SAME ADDRESS AS THE PRIOR UNCLAIMED CERTIFIED MAIL ATTEMPT OF SERVICE OF PROCESS UNDER THE CIRCUMSTANCES OF THIS CASE.

## III. DISCUSSION

{¶ 8} In his sole assignment of error, appellant contends he complied with the Ohio Rules of Civil Procedure to achieve proper service of process on appellee. Specifically, appellant points out Civ.R. 4.6(D) does not explicitly require him to attempt ordinary mail service at the same address where he sent the certified mail, which was returned unclaimed. Appellant argues the ordinary mail service attempt to the hospital was reasonably calculated to apprise appellee of the lawsuit and passes constitutional muster. Further, appellee did not present the trial court with evidence showing he did not receive the ordinary mail service. Therefore, appellant contends the trial court erred when it granted appellee's motion to dismiss for insufficient service of process. We disagree.

{¶ 9} We review the trial court's judgment dismissing appellant's action due to insufficient service of process for an abuse of discretion. *Lewis v. Buxton*, 2d Dist. No. 2006 CA 122, 2007-Ohio-5986, ¶ 5, citing *Spiegel v. Westafer,* 3d Dist. No. 14-05-18, 2005-Ohio-6033, ¶ 12. An abuse of discretion occurs when a court's decision is arbitrary, unreasonable or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). In order to determine if the trial court abused its discretion, we must first decide whether, in order to comply with Civ.R. 4.6(D), process must be sent by ordinary mail to the *same address* where process was previously sent by certified mail and returned marked unclaimed.

{¶ 10} The methods for obtaining service of process within this state are outlined in Civ.R. 4.1, including service via certified mail. *Young v. Locke*, 10th Dist. No. 13AP-608, 2014-Ohio-2500, ¶ 23; *First Resolution Invest. Corp. v. Davis*, 10th Dist. No. 05AP-328, 2005-Ohio-4976, ¶ 10. This court has noted "Civ.R. 4 through 4.6 deal[] with process and should be read together." *Kvinta v. Kvinta*, 10th Dist. No. 99AP-508 (Feb. 22, 2000).

{¶ 11} Civ.R. 4.6(D)[2] provides:

> If a United States certified or express mail envelope attempting service within or outside the state is returned with an endorsement stating that the envelope was unclaimed, the clerk shall forthwith notify the attorney of record * * *. If the attorney, or serving party, after notification by the clerk, files with the clerk a written request for ordinary mail service, the clerk shall send by United States ordinary mail a copy of the summons and complaint or other document to be served to the defendant at the address set forth in the caption, or at the address set forth in written instructions furnished to the clerk.

{¶ 12} Citing Civ.R. 4.6(D), we have recognized that if certified mail is returned as unclaimed, the serving party can request that the clerk send a copy of the summons and complaint by ordinary mail to the defendant's address in the caption or to an address designated in the written request. *Young* at ¶ 23; *First Resolution* at ¶ 10; *Cent. Ohio Sheet Metal, Inc. v. Walker*, 10th Dist. No. 03AP-951, 2004-Ohio-2816, ¶ 8.

{¶ 13} Like Civ.R. 4.6(D) itself, this court has not explicitly stated that the ordinary mail attempt must be sent to the same address as a previous attempt by certified mail that was returned as unclaimed. However, we have previously reflected our understanding of what Civ.R. 4.6(D) requires. In *Oxley v. Zacks*, 10th Dist. No. 00AP-247 (Sept. 29, 2000), we reiterated the general requirements for effective service of process, including that "[i]f * * * service by certified mail is returned as unclaimed, service may be made by ordinary

---

[2] The rebuttable presumption of proper service that arises when ordinary mail is sent in accordance with this rule, the fact of mailing is entered of record, and the envelope is not returned showing failure of delivery is not at issue in this case. *See Cent. Ohio Sheet Metal, Inc. v. Walker*, 10th Dist. No. 03AP-951, 2004-Ohio-2816, ¶ 9, quoting *Grant v. Ivy*, 69 Ohio App.2d 40 (10th Dist.1980); Civ.R. 4.6(D). Our threshold issue is whether appellant satisfied the requirements of Civ.R. 4.6(D). He did not; therefore, the presumption does not arise. *See First Resolution* at ¶ 10 ("When the mandates of Civ.R. 4.6(D) are followed, a presumption of proper service is created.").

mail to the address where certified mail was attempted but unclaimed." *Id.*, citing Civ.R. 4.6(D).

{¶ 14} The Supreme Court of Ohio has also provided us with guidance in *Thompkins*. The majority explained:

> When a postal return reads "Attempted Not Known," no purpose would be served by a follow-up ordinary mail letter sent to the *same address*. [In contrast, t]he "Unclaimed" designation implies that the person may in fact reside or receive mail at the designated address but for whatever reason has chosen not to sign for the certified mail. In that situation, a follow-up communication by ordinary mail is reasonably calculated to provide the interested party with notice and an opportunity to be heard. Such a communication, not returned, bears a strong inference that the intended recipient received the letter.

(Emphasis added.) *Id.* at ¶ 23; ("If [a] certified letter is returned, and the reason given to the sender for its failure to be delivered indicates that the letter was unclaimed, ordinary mail service to that same address is then proper.") *Id.* at ¶ 38 (O'Connor, J., concurring in part and dissenting in part). *See also Freedom Steel, Inc. v. Senn Freight Lines, Inc.*, N.D.Ohio No. 1:09-CV-2750 (Jan. 26, 2010).

{¶ 15} In addition, other district courts have decided the service issue this case presents. *Nicholas v. Deal*, 12th Dist. No. CA2002-10-242, 2003-Ohio-7212, ¶ 12, citing *United Home Fed. v. Rhonehouse*, 76 Ohio App.3d 115, 124 (6th Dist.1991) ("Civ.R. 4.6(D) requires that service by ordinary mail be sent to the same address as the attempted service by certified mail"); *Ferrie v. Ferrie*, 2 Ohio App.3d 122, 123 (9th Dist.1981) ("Civ. R. 4.6(D) requires that once the certified mail service is returned 'unclaimed,' the clerk shall send the complaint by ordinary mail to the same address."); *Household Retail Servs., Inc. v. Colon*, 6th Dist. No. E-90-66 (July 5, 1991) ("Civ.R. 4.1 and 4.6(D) must be read in conjunction with one another so as to require that the ordinary mail service be sent to the same address as the unclaimed certified mail attempt of service."); *Rhonehouse* at 124, citing *Colon* ("We have interpreted Civ.R. 4.1 and 4.6(D) as requiring that the service by ordinary mail be sent to the same address as the attempted service by certified mail.").

{¶ 16} We agree with the other appellate courts' interpretation of Civ.R. 4.6(D). Given the rulings of those courts, the instructive language from the Supreme Court of

Ohio, and our understanding of what Civ.R. 4.6(D) requires as communicated in *Oxley*, appellant's position is untenable. Appellant does not cite any authority, outside of Civ.R. 4.6(D) itself, to support his argument that Civ.R. 4.6(D) authorizes service by ordinary mail sent to an address other than one from where a certified mail envelope was previously returned marked unclaimed. The unclaimed designation "implies that the person may in fact reside or receive mail at the * * * address but for whatever reason has chosen not to sign for the certified mail. In that situation, a follow-up communication by ordinary mail[,] * * * not returned, bears a strong inference that the intended recipient received the letter." *Thompkins* at ¶ 23. This inference of completed service can only be reached when service is attempted at the same address. Furthermore, attempting service by ordinary mail sent to a different address is the equivalent of attempting service by ordinary mail in the first instance, which is not authorized by Civ.R. 4.1. We read Civ.R. 4.1 and 4.6(D) together to conclude that service by ordinary mail, following an attempt at service by certified mail that was returned marked unclaimed, must be sent to the same address as the attempt by certified mail in order to comply with Civ.R. 4.6(D). Accordingly, we find appellee was not served with process in compliance with the Ohio Rules of Civil Procedure.

{¶ 17} Appellant contends ordinary mail service to appellee at the hospital was reasonably calculated to apprise appellee of the lawsuit and give him a chance to appear. While this may be true, "[i]n Ohio * * * service must be made in accordance with the Ohio Rules of Civil Procedure. If there is not compliance with these rules, then service is improper." *Miley v. STS Sys., Inc.*, 153 Ohio App.3d 752, 2003-Ohio-4409, ¶ 20 (10th Dist.), citing *Colon*. Furthermore, appellee's actual knowledge of this lawsuit is irrelevant in light of appellant's failure to comply with the civil rules governing service of process. *See EnRoute Card v. Roysden*, 2d Dist. No. 95CA108 (June 7, 1996) ("[A]n individual's actual knowledge of a pending lawsuit will not cure defective service of process.* * * [I]f such were not the case, the defense of lack of jurisdiction over the person or insufficiency of process could never be asserted by a defendant in an answer or a motion, as allowed * * * by Civ.R. 12(B), because the mere assertion of such defenses would prove that the defendant knew about the pendency of the action and thus all rules relating to service of process would be nullities.") (Internal citations and quotations omitted.); *see also*

*Nicholas* at ¶ 13, citing *Bell v. Midwestern Educational Servs., Inc.*, 89 Ohio App.3d 193, 203 (2d Dist.1993).

## IV.  CONCLUSION

{¶ 18} The trial court was correct that appellee was not served in accordance with the Ohio Rules of Civil Procedure.  Because we find service was improper in this case, the trial court did not have jurisdiction over appellee.  *Shah v. Simpson*, 10th Dist. No. 13AP-24, 2014-Ohio-675, ¶ 21; *Colon*.  Thus, the court did not abuse its discretion in dismissing appellant's action.  Accordingly, appellant's sole assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

SADLER, P.J., and TYACK, J., concur.

————————————